Ryan D. O'Dea – Bar No. 273478
Rika M. Kido – Bar No. 273780
Yang Yang – Bar No. 361803
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:     (949) 340-3400
Facsimile:     (949) 340-3000
Email:          ROdea@shulmanbastian.com
                RKido@shulmanbastian.com
                YYang@shulmanbastian.com

Attorneys for Lynda T. Bui,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:25-bk-17347-SY |
| **JOSE ALVAREZ LOZANO aka JOSE A. LOZANO aka JOSE LOZANO aka JOSE ALVAREZ** and **AUDRA ADRIENNE ALVAREZ aka AUDRA A. ALVAREZ aka AUDRA ALVAREZ aka AUDRA ADRIENNE ALVARADO aka AUDRA A. ALVARADO aka AUDRA ALVARADO,** | Chapter 7

Adv. Case No.

**CHAPTER 7 TRUSTEE'S COMPLAINT FOR:** |
| Debtors. | **1. AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFER AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439, et seq.];** |
| **LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Jose Alvarez Lozano and Audra Adrienne Alvarez,**

Plaintiff,

vs.

**EMILY ALVARADO, an individual,**

Defendant. | **2. AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548(a)(1)(B), 550;  Cal. Civ. Code §§ 3439, et seq.];**

**3. DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)];**

**4. SALE OF PROPERTY [11 U.S.C. § 363(h)];**

**5. UNJUST ENRICHMENT [11 U.S.C. § 105];**

**6. TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; AND**

**7. DECLARATORY RELIEF** |

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Lynda T. Bui, the duly appointed, qualified and acting chapter 7 Trustee ("Plaintiff") for the bankruptcy estate ("Estate") of Jose Alvarez Lozano ("Lozano") and Audra Adrienne Alvarez ("Alvarez", collectively with Lozano, "Debtors") in the above-captioned bankruptcy case, alleges as follows:

## I.    STATEMENT OF JURISDICTION AND VENUE

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding arises out of and is related to Debtors' bankruptcy case, which was commenced through the filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code by Debtors on October 13, 2025 in the United States Bankruptcy Court, Central District of California, Riverside Division ("Bankruptcy Court"). Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under title 11 or arises under or relates to a case under title 11 which is pending in this District and does not involve a consumer debt of less than $25,000.00. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(E) (orders to turn over property of the estate) and (b)(2)(H) (proceeding to determine, avoid, or recover fraudulent conveyances). Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

2.    To the extent that Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## II.    PARTIES

3.    Plaintiff is the duly appointed, qualified, and acting chapter 7 Trustee for Debtors' Estate, and brings the claims asserted herein in that capacity.

///

///

///

4.      Plaintiff is informed and believes and thereon alleges that Emily Alvarado ("Defendant") is and was at all times relevant herein, an individual residing in the County of San Bernardino, State of California. Plaintiff is further informed and believes and thereon alleges that Defendant is Alvarez's mother.

### III.    GENERAL ALLEGATIONS

5.      Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 13, 2025 ("Petition Date"), commencing the underlying bankruptcy case ("Main Case").

6.      Lynda T. Bui is the duly appointed, qualified and acting chapter 7 trustee for Debtors' bankruptcy estate.

7.      Debtors listed the real property located at 14970 Spring Street, Fontana, California 92335 ("Property") on Schedule A/B filed on the Petition Date and stated: "Property titled in Debtor and Joint Debtor's mother's name." [Main Case, Dk. 1].   On Schedule C, Debtors claimed a homestead exemption in the Property in the amount of $505,000.00 pursuant to California Code of Civil Procedure § 704.730.

8.      After reviewing the public records, Plaintiff believes, and thereon alleges that on July 20, 2024, Lozano executed a Grant Deed ("Grant Deed") transferring his fifty percent (50%) interest in the Property to Defendant ("Transfer"). The Grant Deed was recorded on July 25, 2024 in the Official Records of San Bernardino County, Document No. 2024-0174428. The Grant Deed reflects that Defendant paid no consideration for Lozano's interest in the Property. A true and correct copy of the Grant Deed is attached hereto as **Exhibit 1**.

9.      At the initial Section 341(a) meeting of creditors on November 20, 2025, Alvarez testified Defendant is her mother and that Lozano and Defendant owned the Property together. Debtors asserted Debtors and Defendant paid the down payment and that the mortgage payments have been split evenly since the Property was purchased.

///

///

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

10.     Plaintiff is informed and believes, and thereon alleges, that Debtors were married at the time the Transfer occurred and remain married.

11.     Plaintiff is informed and believes, and thereon alleges, that the Grant Deed transferring Lozano's 50% ownership interest in the Property to Defendant was an attempt to fraudulently shield assets from creditors and/or in anticipation of filing for chapter 7 bankruptcy.

## IV.     FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Intentional Fraudulent Transfer

### [11 U.S.C. § 544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et seq.]

12.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 and incorporates them in this Paragraph by reference.

13.     Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of Debtors that were listed at the time of the Transfer that still remain unpaid as of the Petition Date.  Plaintiff is informed and believes, and based thereon alleges, that future creditors of Debtors existed following the Transfer who remain unpaid as of the Petition Date.

14.     The Transfer as alleged in Paragraph 8 was of Debtors' property. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

15.     The Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

16.     The Transfer was made either in anticipation of bankruptcy and/or to prevent the creditors from collecting.

17.     The Transfer was made with the intent to hinder, delay, or defraud Debtors' creditors, including Plaintiff.

18.     The Transfer was for no consideration or for less than reasonably equivalent value.

19.     The Transfer was made at a time when Debtors were insolvent and/or rendered insolvent by virtue of said Transfer.

20.     The Transfer was to or for the benefit of an insider of Debtors.

21.     The Transfer was of substantially all of Debtors' assets.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

22.    The value of consideration received by Debtors for the Transfer was not reasonably equivalent to the value of the asset transferred or the amount of debt incurred.

23.    The Transfer occurred shortly before or after a substantial debt was incurred.

24.    Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate, pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, et seq.

## V.    SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfer

**[11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et seq.]**

25.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 and incorporates them in this Paragraph by reference.

26.    Plaintiff is informed and believes, and based thereon alleges, that there are present creditors of Debtors that were listed at the time of the Transfer that still remain unpaid as of the Petition Date. Plaintiff is informed and believes, and based thereon alleges, that future creditors of Debtors existed following the Transfer who remain unpaid as of the Petition Date.

27.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

28.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made: (a) for less than reasonably equivalent value, or any value, and (b) at a time when Debtors were insolvent and/or were rendered insolvent by virtue of the Transfer, and (c) while Debtors intended to incur, or believed, or reasonably should have believed Debtors would incur debts beyond Debtors' ability to pay them as they became due, and (d) for the benefit of an insider.

29.    Based on the foregoing, Plaintiff may avoid the Transfer and recover the value of the Transfer and/or the property transferred, with an automatic preservation of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, et seq.

## VI.    THIRD CLAIM FOR RELIEF

### Disallowance of Claims by Defendant

### [11 U.S.C. § 502(d)]

30.    Plaintiff hereby incorporates by reference paragraphs 1 through 11 and realleges these paragraphs as though set forth in full.

31.    Plaintiff is informed and believes, and based thereon alleges that Defendant received avoidable transfers and Defendant is a party to which such transfer is recoverable pursuant to 11 U.S.C. § 544.

32.    Defendant has not paid the amount or turned over any such property for which Defendant is liable under 11 U.S.C. § 522(i), 542, 543, 544, 550, and 553.

33.    Pursuant to 11 U.S.C. § 502(d), to the extent Defendant files a claim against the Estate, such claim should be disallowed.

## VII.    FOURTH CLAIM FOR RELIEF

### (Sale of Interests of Estate and Co-Owner in Property)

### [11 U.S.C. § 363(h)]

34.     Plaintiff hereby incorporates by reference paragraphs 1 through 11 and realleges these paragraphs as though set forth in full.

35.    Debtors listed the Property on Schedule A/B of their Bankruptcy Schedules.

36.    After the Transfer is avoided and the Property is recovered for the Estate, Lozano and Defendant will each own a fifty percent (50%) interest in the Property.

37.    Partition in kind of the Property between the Estate and Defendant is impracticable and cannot be made without extreme prejudice to the Estate and Defendant.

38.    A sale solely of the Estate's undivided beneficial interest in the Property would realize significantly less for the Estate than a sale of the Property free of the interests of Defendant.

///

///

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

39.    The benefit to the Estate of a sale of the Property free of the interests of Defendant outweighs the detriment, if any, to Defendant.

40.    Plaintiff is informed and believes and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

41.    Any proposed sale of the Property will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in the Main Case.  Pursuant to such a motion, Plaintiff will provide for a distribution to Defendant and to the Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Property.

## VIII.   <u>FIFTH CLAIM FOR RELIEF</u>

### Unjust Enrichment

### [11 U.S.C. § 105]

42.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 and incorporates them in this Paragraph by reference.

43.    Defendant received a benefit through the Transfer, and Defendant's retention of the Transfer and/or the value of the Transfer, results in unjust retention of said benefit at the Estate's expense.

## IX.    <u>SIXTH CLAIM FOR RELIEF</u>

### Turnover [11 U.S.C. § 542]

44.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 and incorporates them in this Paragraph by reference.

45.    After the Transfer is avoided and the Property is recovered for the Estate, Plaintiff alleges that Defendant is wrongfully in possession, custody, and control of the Property that should have belonged to Debtors, and Defendant does not have Plaintiff's consent to be in possession of the Property.

///

///

46.    The Property may be used by Plaintiff in connection with her administration of the Estate.

47.    Plaintiff seeks to recover the Property from Defendant and thus demands Defendant turn over the Property to Plaintiff.

48.    Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to turnover of the Property held by Defendant.

## X.    SEVENTH CLAIM FOR RELIEF

### Declaratory Relief

49.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 and incorporates them in this Paragraph by reference.

50.    An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights, duties, and obligations with respect to the Transfer alleged herein.

51.    A judicial declaration is necessary and appropriate to determine the parties' rights and obligations and to afford Plaintiff complete relief.

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

1.    The Transfer is voided and recovered under 11 U.S.C. § 544, 548, 550, 551 and/or Cal. Civ. Code §§ 3439 *et seq.*;

2.    The Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3.    Disallowance of any claims of Defendant if she fails or refuses to turn over the Property and/or the value of the Property, pursuant to 11 U.S.C. § 502(d);

4.    Upon the Transfer being voided and recovered for the Estate, that Plaintiff is authorized to sell all interests of the Estate and of Defendant in the Property under 11 U.S.C. § 363(h);

5.    Upon the Transfer being voided and recovered for the Estate, granting turnover of the Property pursuant to 11 U.S.C. § 542;

6.    Granting declaratory relief that Plaintiff has the right to the Property for purposes of collection and enforcement of amounts owed to the Estate; and

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

7.    For such other and further relief as the Bankruptcy Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

DATED:  May 20, 2026

By:    <u>/s/ Rika M. Kido</u>
Ryan D. O'Dea
Rika M. Kido
Yang Yang
Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

# EXHIBIT 1

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME Audra Alvarez

STREET ADDRESS 14970 Spring St.

CITY, STATE & ZIP CODE Fontana, CA 92335

**Recorded in Official Records
San Bernardino County**

**Assessor-Recorder-County Clerk**

## DOC# 2024-0174428

| 07/25/2024 10:33 AM SAN | | Titles: 1 | Pages: 3 | |
|---|---|---|---|---|
| | / | Fees | | $20.00 |
| | | Taxes | | $0.00 |
| J9535 | | CA SB2 Fee | | $0.00 |
| | | Total | | $20.00 |

**SPACE ABOVE FOR RECORDER'S USE ONLY**

Grant Deed

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

Reason for Exemption:

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or

☒ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____of Official Records. (Cap. $225.00)

☐ Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

☐ Exempt from fee per GC 27388.1, not related to real property

**Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)**

EXHIBIT 1

**RECORDING REQUESTED BY**

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE
SHOWN BELOW, MAIL TAX STATEMENT TO:

Name

Street
Address

City &
State
Zip

EMILY ALVARADO

14970 SPRING ST

FONTANA, CALIFORNIA 92335

Title Order No.        Escrow No.

**SPACE ABOVE THIS LINE FOR RECORDER'S USE**

# Grant Deed

THE UNDERSIGNED GRANTOR (S) DECLARE (S)      APN: 0230-361-32-0-000

DOCUMENTARY TRANSFER TAX IS $ 0..00

☐ unincorporated area     City of FONTANA

☐ computed on full value of interest or property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale, and

       FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
JOSE A LOZANO, A MARRIED MAN, WHO TOOK TITLE AS, JOSE A LOZANO, A MARRIED
MAN AND EMILY ALVARADO, A MARRIED WOMAN MAN..

hereby GRANT(S) to

EMILY ALVARADO, A MARRIED WOMAN...

the following described real property in the 14970 SPRING STREET,

County of SAN BERNADINO, CA 92335      , state of California

LEGALLY DESCRIBED TO AS, LOT 32 OF TRACT NO. 16168, IN THE CITY OF FONTANA, COUNTY OF SAN
BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 282 PAGE(S) 67, 68 AND 69
OF MAPS. IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY..

*Jose Alvarez*

JOSE A LOZANO

Dated 07-19-20-24

*Emily alvarado*

Emily J Alvarado

7-24-24

**See Attached Notary
Acknowledgment Certificate**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF San Bernardino

On July 19, 2024      before me, Maria Lopez Rodriguez (Notary Public)
                                                       (here insert name and title of the officer)
,notary public, personally appeared Jose A. Lozano .
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the state of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature

> MARIA LOPEZ RODRIGUEZ
> Notary Public - California
> Los Angeles County
> Commission # 2419983
> My Comm. Expires Oct 8, 2026

(This area for official notarial seal)

**MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE**

SAME AS ABOVE...

Name                              Street Address                        City, State & Zip

EXHIBIT 1

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ San Bernardino _____ )

On _July 24, 2024_ before me, Maria Lopez Rodriguez ( Notary Public) _____
(insert name and title of the officer)

personally appeared _Emily Alvarado_ ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MARIA LOPEZ RODRIGUEZ
Notary Public - California
Los Angeles County
Commission # 2419983
My Comm. Expires Oct 8, 2026

Signature _____ (Seal)

EXHIBIT 1

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of Jose Alvarez Lozano and Audra Adrienne Alvarez | **DEFENDANTS**<br>EMILY ALVARADO |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Rika M. Kido, Esq.<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |

| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Chapter 7 Trustee's Complaint for: 1. Avoidance of Intentional Fraudulent Transfer and Recovery of Same [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439, et seq.]; 2. Avoidance of Constructive Fraudulent Transfer and Recovery of Same [11 U.S.C. §§ 544, 548(a)(1)(B), 550;  Cal. Civ. Code §§ 3439, et seq.]; 3. Disallowance of Claims [11 U.S.C. § 502(d)]; 4. Sale of Property [11 U.S.C. § 363(h)]; 5. Unjust Enrichment [11 U.S.C. § 105]; 6. Turnover of Property of the Estate [11 U.S.C. § 542]; and 7. Declaratory Relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[4] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[3] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[5] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jose Alvarez Lozano and Audra Adrienne Alvarez | BANKRUPTCY CASE NO.<br>6:25-bk-17347-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>Honorable Scott H. Yun |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /s/ Rika M. Kido | | |
| DATE<br><br>5/20/26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br> Rika M. Kido | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.